## CIRCUIT COURT OF BALTIMORE CITY.

Filed July 26, 1894.

### LLOYD
### VS.
### SUPREME SITTING OF THE IRON HALL.

OPINION.

DENNIS, J.—

Independently of the language added to the Twelfth Edition of the By-Laws and Constitution of the defendant corporation, I am of the opinion that the twenty per cent. recevied by the local branches on assessments, and required to be set aside and retained as a reserve fund, is the property of the Supreme Sitting of the Order of the Iron Hall. That is the only corporation; all the liabilities of the order are its liabilities, and all the assets, its assets. The local branches are not corporations, nor are they partnerships; they have no right to pay out their reserve fund for any purpose; all they can do is to keep it, and invest it, paying over to the Supreme Sitting one-seventh of it annually. There is no contract whatever between them and the members of the order, and whatever interest the several members have in this reserve fund is solely by virtue of their contract with the corporation, and it is only through the corporation and by virtue of this contract that a dollar of this fund can be paid to them. There is nothing whatever in the constitution or by-laws to suggest that the members can assert any claim against the local branches, or have any right to proceed against this reserve fund while it is in their hands.

If this be true, then we have the case of receivers appointed by this Court holding assets belonging to an Indiana corporation; and the question is whether these assets shall be turned over for distribution to the receiver appointed by the Court in Indiana, or be distributed by the receivers here. As all the parties interested are members of the Indiana corporation, I think the Court in that State is the proper one to make the distribution. There are no creditors of the Order in this State; if there were they would be entitled to be paid before the fund is turned over to the foreign receiver. (Day vs. Postal Telegraph Co., 66 Md. 354). But the claimants here claim strictly as members of the corporation, and have no standing in any other capacity; they claim, not *against*, but *under*, the corporation, and the rule is that under such circumstances the distribution should be made at its domicile. Any inconvenience to which they will thus be compelled to submit results from their own voluntary action in having become members of a foreign corporation; and it is manifest that this inconvenience is small compared to what would be entailed if a distribution had to be made in every State in which the Order has branches—a result necessarily following the adoption of any other rule.

But, while the fund will be awarded to the Indiana receiver for distribution, it will only be so ordered after the Court has received satisfactory proof of the adoption by the Indiana Court of such provisions as will protect the members of the Order resident here, and secure to them a fair distribution of all the assets; they must be put upon an equal footing with the most favored class of creditors in the Court of the domicile of the corporation. When proof is furnished of an order of that Court satisfactory in this respect, an order will be passed directing the resident receivers to turn over the assets in hand to the non-resident receiver.

In reaching this conclusion I have not been insensible to the requests of about three-fourths of the members of the Order in this State who have proved their claims, that the funds should be retained for distribution here; but, while I could come to no other conclusion, I have adopted it with less reluctance because I feel sure that the members of the order resi-

dent in this State will, under a general distribution in the Indiana Court, receive a larger dividend than if the fund were distributed here. For, if the distribution were made here, it is not possible that the members should receive much over 25 per cent. of their claims, while the Indiana Court has already made two distributions each of ten per cent. and has the reserve fund from several other States yet to be disposed of, in addtiion to the other assets in the hands of its receiver. As this Court will insist that the members resident in this State shall be put on an equal footing with those members who have already participated in the Indiana distribution before the funds here are turned over, it is most probable that they will receive considerably more than the amount they could expect under a distribution here of the assets in the hands of the local receivers.